UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRAD PACKER, derivatively on behalf of<br>1-800-FLOWERS.COM, INC.,<br><br>                              Plaintiff,<br><br>-v-<br><br>RAGING CAPITAL MANAGEMENT, LLC,<br>RAGING CAPITAL MASTER FUND, LTD,<br>WILLIAM C. MARTIN and<br>1-800-FLOWERS.COM, INC.,<br><br>                              Defendants. | Civil Action No. 15 Civ. 5933<br><br>(*Jury Trial Demanded*) |

COMPLAINT

Plaintiff Brad Packer ("Packer"), by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 1, as follows:

1.   Plaintiff Packer is a New York resident who is the owner of common stock of 1-800-Flowers.com, Inc. ("Flowers" or the "Company").

2.   Flowers, a nominal defendant herein, is a Delaware corporation with its principal place of business at One Old Country Road, Carle Place, New York 11514.

3.   Defendant Raging Capital Management, LLC ("Management") is a limited liability company with its principal place of business at 10 Princeton Avenue, Rocky Hill, N.J. 08553. Management is a registered investment adviser that provides advisory services to defendant Raging Capital Master Fund, Ltd.

4.    Defendant Raging Capital Master Fund, Ltd. ("Master Fund") is a private investment limited partnership. In its various SEC filings, Master Fund represents that its principal place of business is c/o of Ogier Fiduciary Services (Cayman) Limited, 89 Nexus Way, Camana Bay, Grand Cayman KY 1-9007, Cayman Islands.

5.    Defendant William C. Martin ("Martin") is an individual with a business address at 10 Princeton Avenue, Rocky Hill, N.J. 08553. Martin is the Chairman, Chief Investment Officer and Managing Member of Management.

## JURISDICTION AND VENUE

6.    This action is brought derivatively on behalf of Flowers pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)"), to obtain disgorgement of profits obtained by defendants in violation of that statute. Jurisdiction of this court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that certain of the acts underlying this action occurred in this District.

## THE GOVERNING LAW

7.    Section 16(b) of the Exchange Act provides that if a person, while beneficially owning more than 10 percent of a class of equity securities of an issuer, purchases and sells, or sells and purchases, shares of any equity security of such issuer within a period of less than six months, any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

## SECTION 16(b) GROUP ACTIVITY

8.      Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a six-month period.

9.      Defendants Management, Master Fund and Martin constitute a group (collectively the "Raging Capital Group") for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act. At all relevant times, the Raging Capital Group was a greater than 10% beneficial owner of the Company's common stock, $0.001 par value (the "Common Stock") and garnered short-swing profits disgorgeable to the Company in the transactions hereinafter set forth. As all purchases and sales for each of the Raging Capital Group members were directed by Martin, at all relevant times, a group was formed and operative within the meaning of §13(d)(3) of the Exchange Act, for the purpose of acquiring, holding and disposing of shares of Common Stock. Other indicia of group membership include the fact that various SEC filings were made collectively on behalf of all group members, Management is the investment adviser to Master Fund and Martin is the sole Manager of Management.

3

## DEFENDANTS' PURCHASE AND SALE TRANSACTIONS

10. In a Schedule 13G filing made on June 19, 2014, the Raging Capital Group disclosed beneficial ownership of 2,811,348 shares as of April 30, 2014, representing 10.3% of the Company's outstanding Class A Common Stock, $0.01 par value. In an Amendment No. 1 to Schedule 13G filing made on July 10, 2014, the Raging Capital Group disclosed beneficial ownership of 4,248,780 shares, representing beneficial ownership of 15.6%.

11. In a Form 13-F filing for the quarter ended September 30, 2014, the Raging Capital Group disclosed beneficial ownership of 4,524,426 shares, which together with the Amendment No. 1 to Schedule 13G filing evidenced purchases of at least 1,713,078 shares while a greater than 10% beneficial owner between April 30, 2014 and September 30, 2014.

12. In an Amendment No. 2 to Schedule 13G filing made on February 10, 2015, the Raging Capital Group disclosed beneficial ownership of 3,032,190 shares, representing beneficial ownership of 11.1% as of December 31, 2014. In an Amendment No. 3 to Schedule 13G filing made on February 10, 2015, the Raging Capital Group disclosed beneficial ownership of 2,943,922 shares, representing 10.5% of the Common Stock as of January 31, 2015.

13. Based on these filings, it is clear that the Raging Capital Group purchased at least 1,713,078 shares while a greater than 10% beneficial owner between April 30, 2014 and September 30, 2014, and that the Raging Capital Group then sold 1,580,504 shares while a greater than 10% beneficial owner between September 30, 2014 and January 31, 2015. At all relevant times, the Raging Capital Group was a greater than 10% beneficial owner based on the outstanding shares of the Company's Class A Common Stock, as reported by the Company. However, because the Raging Capital Group violated its reporting requirements under Section

16(a) of the Exchange Act, it is not possible to determine the extent of the short-swing profits that the Raging Capital Group garnered in violation of Section 16(b).

## THE RAGING CAPITAL GROUP'S REPEATED VIOLATIONS OF THE EXCHANGE ACT

14. The Raging Capital Group repeatedly and materially violated the reporting requirements under the Williams Act and under Section 16(a) of the Exchange Act and the standstill provision of SEC Rule 13d-1(f). These actions were designed to deprive the marketplace of critical information concerning the Raging Capital Group's plans to acquire a substantial stake in the Company as well as to conceal the Raging Capital Group's short-swing profit liability. Continuing its violations of the Exchange Act, the Raging Capital Group has not properly reported all of its transactions that might disclose short-swing profits in addition to those described above.

## AS AND FOR A FIRST CLAIM FOR RELIEF

15. Plaintiffs repeat and realleges the allegations contained in paragraphs 1 through 14, *supra*, as if fully set forth herein.

16. As particularized in paragraphs 10 through 13, *supra*, the Raging Capital Group engaged in transactions which yielded short swing profits subject to disgorgement to the Company.

17. Each of the defendants has a pecuniary interest in short-swing profits realized by the Raging Capital Group. Each member of the Raging Capital Group is liable to disgorge to the Company its short swing profits.

18. Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits exceed $4 million.

## ALLEGATIONS AS TO DEMAND

19.   Plaintiff made due demand on Flowers to commence this lawsuit but it has failed to do so.

WHEREFORE, plaintiff demands judgment on behalf of Flowers against defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

New York, New York
October 14, 2015

Yours, etc.

_____
Paul D. Wexler
110 E. 59th Street
23rd Floor
New York, New York 10022
(212) 317-0777


Glenn F. Ostrager
OSTRAGER CHONG FLAHERTY
 & BROITMAN P.C.

570 Lexington Avenue
New York, New York 10022
(212) 681-0600

Attorneys for Plaintiff