UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRAD PACKER, on behalf of 1-800-
FLOWERS.COM, INC,

                     Plaintiff,

           -against-

RAGING CAPITAL MANAGEMENT, LLC,
RAGING CAPITAL MASTER FUND, LTD.,
WILLIAM C. MARTIN, and 1-800-
FLOWERS.COM, INC.,

                   Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**
12:12 pm, Sep 30, 2022
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

<u>ORDER</u>
15-CV-5933 (JMA) (JMW)

**AZRACK, United States District Judge:**

On April 5, 2016, the parties, through their counsel, and after notice about their right to withhold such consent, agreed to the assignment of a Magistrate Judge for all purposes in this matter. Then-Magistrate Judge Brown assumed jurisdiction over the case and conducted various proceedings.

On December 10, 2020, following his elevation to the district court, Judge Brown entered the following order:

> Following the remand of this case from the 2nd Circuit, and in light of the engagement of the undersigned as a U.S. District Judge following the parties' notices of appeal and cross-appeal and the parties' prior consent to a magistrate judge for all purposes , the Clerk of the Court is respectfully directed to reassign this case to a magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

(Electronic Order dated 12/10/20.) The case was then reassigned to Magistrate Judge Lindsay, and no party filed any objections either to Judge Brown's 12/10/20 Order or the reassignment to Judge Lindsay. Instead, the parties engaged in extensive litigation before Judge Lindsay, including filing of voluminous motions, most notably summary judgment, which eventually encompassed a

1

standing argument under Transunion.  Of course, the parties continued litigation – for several years – before Judge Lindsay constitutes, at a minimum, implicit consent to her jurisdiction over the matter.

In Astra USA, Inc. v. Bildman, 375 F. App'x 129, 132 (2d Cir. 2010), defendants challenged the entry of judgment by a Magistrate Judge because "they did not consent to the case being reassigned to Magistrate Judge Conroy following the retirement of Jerome J. Niedermeier, the magistrate judge to whom the case was initially referred."  The Circuit rejected this argument, holding:

> By appearing without objection before Magistrate Judge Conroy and filing various submissions with the court, including a motion for summary judgment, after receiving notice of the case reassignment, defendants—who had been advised of their right to decline to have their case resolved by a magistrate judge—implicitly consented to Magistrate Judge Conroy's exercise of jurisdiction.  See Roell v. Withrow, 538 U.S. 580, 590, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003) (holding that court may imply consent for purposes of § 636(c)(1) "where . . . the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge").

Id.  Such is the case at hand.  By appearing, without objection, and participating for years before Magistrate Judge Lindsay, the parties have unquestionably consented to her jurisdiction.

For reasons that are unclear on the record, and in contravention of Judge Brown's December 10, 2022 Order, on September 15, 2022, the Clerk reassigned the case to me, and assigned Judge Wicks as the new magistrate judge on the case. (See Electronic Orders dated 9/15 and 9/16/22.)  I inquired on the latter date as to whether the parties consented to Judge Wicks' jurisdiction for all purposes or, at a minimum, for the pending motions.  No response has been received.

However, upon further reflection and examination of the docket, it appears that this matter is appropriately assigned to a Magistrate Judge for all purposes.  Judge Wicks, who was most

recently randomly selected for the case, may be in the best position to preside over this case. As such, the Clerk of Court is directed to this case to him. Any party objecting to the exercise of jurisdiction by Judge Wicks shall file such objection within ten days, and the case shall be immediately reassigned back to Magistrate Judge Lindsay, to whose jurisdiction the parties have, unquestionably, already consented by implication. See Astra USA, Inc., 375 F. App'x at 129.

Because of the copious motion practice, and in fairness to the parties, all pending motions are deemed withdrawn without prejudice to refiling pursuant to a schedule to be set by Judge Wicks and in a manner consistent with his individual motion practices.

The Clerk of Court is directed to assign this case to Magistrate Judge Wicks for all purposes and to remove the undersigned from this case.

**SO ORDERED.**

Dated: September 30, 2022            _____/s/ (JMA)_____
Central Islip, New York              Joan M. Azrack
                                     United States District Judge